UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CURTIS POUNDS

                           Plaintiff,
     -against-                               **AMENDED COMPLAINT**
                                                        (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
CATHERINE KUNST Tax ID #943284, and
SERGEANT JOHN DOE, and LIEUTENANT JOHN
DOE and POLICE OFFICERS JOHN DOES and/or
JANE ROES Nos. 1-10 (whose names are unknown
at this time) ALL OF THE 105th PRECINCT and
other Precincts,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Curtis Pounds, by his attorney Rochelle S. Berliner, Esq., for his amended complaint, alleges as follows:

## INTRODUCTION

       1.      Plaintiff Curtis Pounds brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. More specifically, on November 8, 2012, at approximately 6:00 p.m., Defendant Police Officer Catherine Kunst ("Defendant Kunst"), Defendant Sergeant John Doe ("Defendant Sergeant"), Defendant Lieutenant John Doe ("Defendant Lieutenant"), and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 (whose names and shield numbers are unknown at this time), each of whom was a member of the New York City Police Department ("NYPD"), engaged in the false arrest, unlawful imprisonment, and unnecessary, non-consensual, excessive force against Mr. Pounds.

2. Mr. Pounds brings suit to redress these aspects of the violation of his federal and state constitutional rights.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as the claims of Mr. Pounds arise under Federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as the claims of Mr. Pounds arise under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

5. Mr. Pounds is a citizen of the United States. He resides in the State of New York, Queens County.

6. Defendant Kunst was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, she was assigned to the 105th Precinct.

7. Upon information and belief, Defendant Kunst is still a member of the NYPD. At all times relevant herein, she was acting within the scope of her employment and under color of law.

8. Defendant Sergeant John Doe, Defendant Lieutenant John Doe and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 were, upon information and belief, members of the NYPD. Upon further information and belief, at all times relevant herein, they were assigned to the 105th Precinct or other Precincts.

9. At all times relevant herein, Defendant Sergeant John Doe, Defendant Lieutenant John Doe and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 were acting within the scope of their employment and under color of law.

10. Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

**ADMINISTRATIVE PREREQUISITES**

11. On January 17, 2013, Mr. Pounds filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.

12. At least thirty days have elapsed since Mr. Pounds filed the Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

13. A 50-h hearing was held on October 3, 2013.

**FACTS UNDERLYING THE COMPLAINT**

14. On November 8, 2012, at a time between 6:00 - 7:30 p.m., Mr. Pounds drove his car into a gas station at the intersection of Farmers Boulevard and Guy R. Brewer Boulevard, in Queens County, for the purpose of filling his car's tank with gasoline.

15. Since this was just over a week after Hurricane Sandy hit the area, a gas shortage began to plague the New York area, and there were long lines at the gas station.

16. Mr. Pounds, a full-time employee of the United State Postal Service, was dressed in his Postal Service uniform.

17. As Mr. Pounds pulled up to the gas station, where there were approximately six lines of cars waiting to get gas, Mr. Pounds asked Defendant Police Officer John Doe No. 1

(described as Caucasian, heavy-set, approximately 40-45 years old), who was assigned to monitor the crowds, if he could get fuel there.

18. Defendant Police Officer John Doe No. 1 responded, in sum and substance, "You're Postal; you can pull in line right there," indicating towards and informing Mr. Pounds that it was a first responder's line, which had approximately four or five cars on it.

19. When Mr. Pounds got almost to the front of the line, Defendants Kunst and Police Officer John Doe No. 2 approached his car.

20. Defendant Kunst asked Mr. Pounds in sum and substance, "What the hell are you doing on this line, you piece of shit?"

21. Mr. Pounds explained to Defendant Kunst that the officer directing and monitoring the cars (Defendant Police Officer John Doe No. 1) told him to get on that line because he was a postal worker and needed to get back to work.

22. Defendant Kunst replied in sum and substance, "I don't give a shit. You're not a first responder" and then ordered Mr. Pounds get off the line.

23. Mr. Pounds asked Defendant Kunst to confirm with Defendant Police Officer John Doe No. 1 that he was indeed directed to wait on the first responder's line.

24. Mr. Pounds further explained to Defendant Kunst that he had been working 17-18 hours per day because some postal stations were flooded causing the mail to be delayed due to the storm.

25. Defendant Kunst then opened Mr. Pounds' car door, pulled him out, and kneed him in the groin, causing him severe pain.

26. Defendant Police Officers John Does Nos. 3-5 rushed over to the scene.

27. Defendant Kunst and Defendant Police Officers John Does Nos. 2-5 proceeded to beat Mr. Pounds, by throwing him to the ground, breaking his glasses, and punching him and stomping on him on his head, back, and chest, and verbally abusing him.

28. Defendant Police Officer John Doe No. 1 then approached the scene and informed Defendant Kunst and Defendant Police Officers John Does Nos. 2-5 that he did indeed tell Mr. Pounds to wait on the first responder's line.

29. Defendant Kunst informed Defendant Police Officer John Doe No. 1 that she told Mr. Pounds to move and that she was arresting him.

30. Defendant Police Officer John Doe No. 1 walked away.

31. Mr. Pounds was handcuffed and arrested and taken to the 105th Precinct.

32. An ambulance was called to the Precinct because Mr. Pounds was bleeding all over his body including on his head, face, hands, legs, and mouth.

33. Mr. Pounds refused to be taken to the hospital by the police because he believed that accepting medical treatment from, or arranged by, the police could prolong his ordeal.

34. After approximately three hours in custody, Mr. Pounds was issued a Desk Appearance Ticket and charged with Disorderly Conduct (New York Penal Law §240.20(6)).

35. Pursuant to the Desk Appearance Ticket, Mr. Pounds was ordered to appear in court on December 18, 2012.

36. After Mr. Pounds left the 105th Precinct, Mr. Pounds' wife took him to North Shore Hospital, where he was treated for injuries that included skin tears, abrasions, contusions, sprains, swelling, blurred vision, and back pain.

37. At the hospital, Mr. Pounds was also bandaged, received CAT scans and X-rays, and given pain medication.

38. Observing that Mr. Pounds was bleeding on his face, hospital personnel asked him what had happened.

39. Mr. Pounds informed the hospital personnel that he had been beaten up by police officers.

40. Hospital personnel called 911 and members of Internal Affairs subsequently arrived at the hospital.

41. At the hospital, one or more Internal Affairs officers photographed Mr. Pounds' injuries.

42. Internal Affairs called a police captain, who, upon arriving at the hospital, ordered police officers to retrieve the surveillance video at the gas station.

43. When Mr. Pounds returned to the gas station to inquire about the surveillance video, an employee (described as Asian, approximately 55-56 years old) informed Mr. Pounds that police officers came to the gas station later on the evening of the incident and took the surveillance video.

44. Mr. Pounds returned to the hospital approximately four more times, saw his physician, and received acupuncture and physical therapy over the course of several months primarily due to his hand, leg, and back that were not healing.

45. Due to this incident, Mr. Pounds suffered and continues to suffer physically, including having visible scars on his face, hands and legs, and continued back pain and shoulder pain which hinders his ability to have relations with his wife and to perform tasks such as putting on his shoes.

46. Mr. Pounds' injuries also include continued emotional distress, including distrust and fear of police, loss of sleep due to pain, and loss of sleep due to nightmares stemming from this incident.

47. Mr. Pounds also missed approximately three months of work during the time between this incident and the date of the 50-h hearing due to this incident.

48. Mr. Pounds continues to take days off intermittently when he is in too much pain to go to work.

49. Although Mr. Pounds was able to retrieve most of his property that was taken by the arresting officer, he was unable to retrieve his cell phone.

50. When Mr. Pounds tracked the cell phone via GPS, it was tracked to the 105th Precinct, but the police officers claimed it was not there.

51. Mr. Pounds appeared in Queens County Criminal Court five times before his case was ultimately dismissed pursuant to C.P.L. §30.30 on June 10, 2013.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Rights under 42 U.S.C. § 1983)**

52. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 51, as if fully set forth herein.

53. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

54. All of the aforementioned acts deprived Plaintiff Curtis Pounds the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

55. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

58. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 57, as if fully set forth herein.

59. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

60. As a result of the foregoing, Plaintiff Curtis Pounds was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

### AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

61. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 60, as if fully set forth herein.

62. On November 8, 2012, one or more of the individual defendants placed handcuffs on and detained Plaintiff Curtis Pounds.

63. Defendants did not have probable cause to believe that Mr. Pounds had committed any crime. Put simply, Mr. Pounds did not engage in any conduct that warranted his arrest and detention.

64. Because the individual defendants did not have probable cause to believe that Mr. Pounds had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

65. As a result of his detention by the individual defendants, Mr. Pounds' liberty was restricted for an extended period of time. Mr. Pounds suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

66. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 65, as if fully set forth herein.

67. As a result of the individual defendants' conduct, Mr. Pounds was detained at the precinct and at all times he knew he was detained. Moreover, Mr. Pounds did not consent to his confinement.

68. As the behavior of Mr. Pounds provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

69. As a result of defendants' conduct, Mr. Pounds suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

70. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 69, as if fully set forth herein.

71. On November 8, 2012, Defendant Kunst and one or more of the individual defendants, without legal justification or probable cause and with malice arrested Mr. Pounds.

72. In prosecuting Mr. Pounds, the Court relied upon information provided by Defendant Kunst and one or more of the individual defendants.

73. Ultimately, the charges against Mr. Pounds terminated in his favor. On June 10, 2013, after five court appearances, the charges against him were dismissed.

74. As the behavior of Mr. Pounds provided no justification for these individual defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

75. As a result of this baseless prosecution, Mr. Pounds suffered loss of freedom and was required to appear in court five times. Mr. Pounds suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

76. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 75, as if fully set forth herein.

77. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of Mr. Pounds' constitutional rights.

78. As a result of the aforementioned conduct of defendants, Mr. Pounds was subjected to excessive force and sustained physical injuries and psychological injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

79. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 78, as if fully set forth herein.

80. Defendants had an affirmative duty to intervene on behalf of Plaintiff Curtis Pounds, whose constitutional rights were being violated in his presence by other officers.

81. The defendants failed to intervene to prevent the unlawful conduct described herein.

82. As a result of the foregoing, Mr. Pounds suffered loss of freedom, physical and psychological injury, and continues to suffer physical and psychological injury.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

83. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 82, as if fully set forth herein.

84. The supervisory defendants personally caused Plaintiff Curtis Pounds' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Deprivation of Rights under the New York State Constitution)

85. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 84, as if fully set forth herein.

86. By the actions described above, the individual defendants unlawfully arrested and detained Mr. Pounds, and used unnecessary and excessive force not reasonably justified by any

circumstances and used for no proper purpose, thereby violating Mr. Pounds' rights secured by Article 1, Section 6 of the New York State Constitution.

87. As a consequence thereof, Plaintiff Curtis Pounds has been injured.

### AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under State Law)

88. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 87, as if fully set forth herein.

89. On November 8, 2012, one or more of the individual defendants placed handcuffs on and detained Mr. Pounds.

90. Defendants did not have probable cause to believe that Mr. Pounds had committed any crime. Put simply, Mr. Pounds did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest.

91. As a result of his arrest and subsequent detention by the individual defendants, Mr. Pounds' liberty was restricted for an extended period of time without probable cause. Mr. Pounds suffered psychological injury, and continues to suffer psychological injury.

92. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

93. As the employer of the individual defendants, Defendant City is responsible for Mr. Pounds' injuries under the doctrine of *respondeat superior*.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Unlawful Imprisonment under State Law)

94. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 93, as if fully set forth herein.

95. On November 8, 2012, as a result of the individual defendants' conduct, Mr. Pounds was detained in a cell at the precinct.

96. Because these defendants did not have probable cause to believe that Mr. Pounds had committed a crime, no legal justification existed for his arrest and detainment.

97. The confinement of Mr. Pounds was not otherwise privileged.

98. Mr. Pounds was conscious of said confinement and did not consent to same.

99. As a result of the foregoing, Mr. Pounds was falsely imprisoned and his liberty was restricted for an extended period of time. Mr. Pounds suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

100. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

101. As the employer of the individual defendants, Defendant City is responsible for Mr. Pounds' injuries under the doctrine of *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Prosecution under State Law)

102. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 101, as if fully set forth herein.

103. On November 8, 2012, Defendant Kunst and one or more of the individual defendants, without legal justification and with malice arrested Mr. Pounds.

104. As a result of the arrest, Mr. Pounds was required to appear in court. In prosecuting Mr. Pounds, the Court relied upon information provided by Defendant Kunst and one or more of the individual defendants.

105. Ultimately, the charges against Mr. Pounds terminated in his favor. On June 10, 2013, after five court appearances, the charges against him were dismissed.

106. At all times relevant herein, defendants acted with malice. They knew, or should have known, that Mr. Pounds was actually innocent of the offenses with which he was charged.

107. As such, the conduct of defendants violated Mr. Pounds' rights protected by the New York State Constitution.

108. As a result of this baseless prosecution, Mr. Pounds suffered psychological injury, and continues to suffer psychological injury.

109. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

110. As the employer of the individual defendants, Defendant City is responsible for Mr. Pounds' injuries under the doctrine of *respondeat superior*.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Assault under State Law)

111. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 110, as if fully set forth herein.

112. By reason of the foregoing, the defendants placed Mr. Pounds in apprehension of imminent harmful and offensive contact, thereby committing an assault.

113. As a consequence thereof, Plaintiff Curtis Pounds has been injured.

114 The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

115. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Pounds suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Battery under State Law)

116. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 115, as if fully set forth herein.

117. By reason of the foregoing, the individual defendants unreasonably struck Mr. Pounds in a harmful and offensive manner, thereby committing a battery.

118. As a consequence thereof, Plaintiff Curtis Pounds has been injured.

119. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

120. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Pounds suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

121. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 120, as if fully set forth herein.

122. Upon information and belief, Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Pounds.

123. Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendant Kunst, Defendant Sergeant, Defendant Lieutenant, and Defendant

Police Officers John Does and/or Jane Roes Nos. 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

124. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 123, as if fully set forth herein.

125. Defendant Police Officers owed a duty to act according to the standard of ordinary care of a police officer.

126. Defendant Police Officers breached that duty by failing to act as ordinary police officers would.

127. Upon information and belief Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Pounds.

128. As a result of the individual defendants' conduct, Plaintiff Curtis Pounds has been injured.

129 The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

130. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Pounds suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

131. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 130, as if fully set forth herein.

132. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Pounds by falsely arresting or unlawfully imprisoning, or using unnecessary excessive force, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

133. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

134. As a result of Defendants' intentional, extreme and outrageous conduct, Mr. Pounds was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

135. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

136. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Pounds suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

137. Plaintiff CURTIS POUNDS repeats and re-alleges the allegations contained in paragraphs 1 through 136, as if fully set forth herein.

138. One or more of the defendants negligently inflicted emotional distress on Mr. Pounds.

139. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Pounds.

140. Mr. Pounds never interfered with the police officers obligations under the above-described duties.

141. As a result of Defendants' negligent conduct, Mr. Pounds was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

142. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

143. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Pounds suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## **DEMAND FOR A JURY TRIAL**

144. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, CURTIS POUNDS prays for the following relief:

    (a)    compensatory damages in an amount to be determined at trial, but no less than $500,000;

    (b)    punitive damages in an amount to be determined at trial;

    (c)    reasonable attorneys' fees;

    (d)    costs and expenses; and

    (e)    such other and further relief as is just and proper.

Dated: Queens, New York
       March 20, 2014

                                    ROCHELLE S. BERLINER, ESQ.
                                    Attorney for Plaintiff
                                    118-21 Queens Boulevard, Suite 504
                                    Forest Hills, New York 11375
                                    (718)  261-5600

                      By:       /s/_____

                                    Rochelle S. Berliner (RB 7463)